## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER M. THOMAS** | : | |
| | : | **No. 17-cv-01568** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MUNICIPALITY OF NORRISTOWN** | : | |
| **AND** | : | |
| **POLICE OFFICER EDWARD TODD** | : | |
| **AND** | : | |
| **CHIEF MARK TALBOT** | : | |
| **Defendants** | : | |

## ORDER

AND NOW,  this          day of                    , 2017  upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint on behalf of Defendants Municipality of Norristown, Police Officer Edward Todd and Chief Mark Talbot pursuant to Federal Rule of Procedure 12(b)(6) and, alternatively, under Rule 12(e) for a more definite statement and  any response of Plaintiff thereto, it is hereby ORDERED and DECREED that the Motion is **GRANTED as follows:**

1.      All federal claims for excessive force, false arrest, false imprisonment, wrongful detention, malicious prosecution and failure to provide medical care and treatment brought against the municipality of Norristown directly or as municipal liability claims in Counts I through VII must be dismissed as well as the state law claims for assault and battery in said Counts.

2.      All claims against the Municipality of Norristown for municipal liability in Count VII are dismissed with prejudice. Alternatively, the Motion for a more definite pleading is granted.

3.      All claims against Chief Mark Talbot in his individual and official capacity are dismissed with prejudice.

4.      All official capacity claims against Officer Edward Todd are dismissed with prejudice.

5.      All claims in Count V for malicious prosecution against the Municipality of Norristown and Officer Todd are dismissed with prejudice.

6.      All claims in Count V and VI for failure to provide medical care and treatment asserted under the 4th Amendment as to Officer Todd are dismissed.

7.      All claims in Count III and Count IV against Officer Todd and Chief Talbot for false imprisonment and wrongful detention  brought under the 14th Amendment are dismissed with prejudice.

8.      All claims for injunctive relief are dismissed with prejudice.

9.      All claims for punitive damages against the Municipality of Norristown are

The remaining claims in this case are against Officer Edward Todd only  in Count I under the 4th Amendment and Pennsylvania state law; in Count II under the 4th Amendment and Pennsylvania state law; in Count III for false arrest and false imprisonment under the 4th Amendment and Pennsylvania State Law; and in Count V and VI for failure to provide medical care under the 14th Amendment only.

BY THE COURT:

_____
**Nitza I. Quiñones Alejandro, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER M. THOMAS** | : | |
| | : | **No. 17-cv-01568** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MUNICIPALITY OF NORRISTOWN** | : | |
| **AND** | : | |
| **POLICE OFFICER EDWARD TODD** | : | |
| **AND** | : | |
| **CHIEF MARK TALBOT** | : | |
| **Defendants** | : | |

**MOTION OF DEFENDANTS MUNICIPALITY OF NORRISTOWN, CHIEF MARK
TALBOT AND OFFICER EDWARD TODD'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
12(b)(6) AND RULE 12(e)**

Moving Defendants, Municipality of Norristown, Chief Mark Talbot and Officer Edward
Todd move this Honorable Court to dismiss Plaintiff's claims in the Amended Complaint and in
part and in support thereof, aver the following:

For the reasons that follow in the Memorandum of Law, attached hereto and
incorporated herein by reference, the moving Defendants respectfully request that the Motion to
Dismiss be granted under Rule 12(b)(6) and the proposed Order entered or such alternative relief
be granted under Rule 12(e) as the Court deems appropriate. Defendant Todd requests that the
Court grant 14 days beyond the ruling by this Court on the Motion to Dismiss the Amended
Complaint on the causes of action against Officer Todd that are not the subject of this Motion.
Oral argument is requested.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

**SMM2371**

**BY:** _____
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney for above-named defendants**
**Municipality of Norristown, Chief Mark Talbot**
**and Police Officer Edward Todd**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER M. THOMAS | : | |
| | : | No. 17-cv-01568 |
|       Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MUNICIPALITY OF NORRISTOWN | : | |
|     AND | : | |
|  POLICE OFFICER EDWARD TODD | : | |
|     AND | : | |
| CHIEF MARK TALBOT | : | |
|     Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS MUNICIPALITY OF NORRISTOWN, CHIEF MARK TALBOT AND OFFICER EDWARD TODD'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND RULE 12(e)**

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff filed his initial four Count Complaint on April 6, 2017 and following the filing of a Motion to Dismiss has filed a First Amended Complaint on May 24, 2017 which is the operative pleading and the subject of the instant Motion.

The Amended Complaint alleges federal civil rights violations under 42 U.S.C. §1983 against all defendants and also 10 John Doe defendants purportedly under the 4th and 14th Amendments for alleged false arrest, wrongful imprisonment, malicious prosecution, excessive force and a denial of medical care against Officer Todd and Chief Talbot along with a municipal liability against Norristown. There are also claims of the common law tort of assault and battery under Pennsylvania law. (Plaintiff's Complaint is attached hereto as Exhibit "A").

## II.   <u>FACTS</u>

According to the Amended Complaint, on the evening of September 4, 2015 Christopher M. Thomas was verbally threatened by a non-party Cozes and on the same date an individual identified as Coles contacted plaintiff and demanded plaintiff's paycheck and threatened him with violence if he did not provide the proceeds to Coles.  (Amended Complaint attached hereto as Exhibit A -¶7-8). Later the same evening after plaintiff cashed his paycheck he noticed Cozes' cousin's vehicle following him and he called the Norristown Police. (A ¶9) .  Officer Todd was dispatched to the scene and skeptical of plaintiff's concerns scoffed at his pleas for assistance. (A ¶10).  Plaintiff then the CVS where Todd had responded and went to find a phone to call for a different Police Officer from Norristown.  (A¶11). While plaintiff searched for a public phone, Todd followed him, tasered him and dragged him to a squad car and tasered him again. (A¶12). Plaintiff told Todd he was in excruciating pain and pleaded for medical attention which Todd ignored.   (A ¶14). Plaintiff was taken by Todd to the police station and placed in a cell. (A¶15). Once in the cell, Plaintiff alleges he was forced to lay on a cell bench while Officer Todd and another Officer handcuffed him and once handcuffed Todd and an unidentified Officer tasered him repeatedly.  (A ¶16). Plaintiff alleges that he told Todd and the unidentified Officer that he was in excruciating pain and pleaded for medical attention after the second round of taser attacks.  (A¶17). Plaintiff states that all charges against him were dropped on October 28, 2016. (A ¶24).  Plaintiff claims that as a result of multiple taser attacks on September 6, 2015 he went to Penn Medicine Hospital of the University of Pennsylvania where he was diagnosed with an acute kidney injury, and a scaphoid fracture to his wrist and hospitalized until September 9, 2015. (A ¶21).  He also claims musculoskeletal pain in his neck, back and hand.  (A ¶21).

Although plaintiff claims that the charges against him were dropped, the criminal docket of his case at CP-46-CR-0007551-2015 of which this Court may take judicial notice indicates

that plaintiff was held for Court following a Preliminary Hearing on October 14, 2015 and subsequently at a bench trial on October 27, 2016, the Assistant District Attorney withdrew the resisting arrest, obstruction of the highways and disorderly conduct charges and proceeded to trial on the public drunkenness charge which resulted in an acquittal.  The docket also indicates that plaintiff was not required to post any bail and was given ROR (Release own recognizance) on September 5, 2015.  (Criminal docket, Court of Common Pleas Montgomery County attached hereto as Exhibit "B").

## III.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide for the dismissal of an action for failure of the pleading to "… state a claim upon which relief can be granted…"  F.R.C.P. 12(b) (6).  The purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of Plaintiff's Complaint.  Sturm vs. Clark, 835 F.2d 1009, 1011 (3rd Cir 1987).  In determining whether to grant a Motion to Dismiss under this Rule, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them."  Unger vs. National Residence Matching Program, 928 F.2d 1392, 1394-95 (3rd Cir. 1991).

Dismissal is appropriate on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) if, reading the Complaint in the light most favorable to the Plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the Complaint."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  It is well settled that a Complaint must be dismissed even if the claim to relief is "conceivable," because a Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to

draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While the Court will accept well-pleaded facts as true for the purpose of the Motion, "a Court need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss." Morse vs. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1987). (citations omitted). To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.  Accordingly, in ruling upon a Motion under F.R.C.P. 12(b)(6), the Courts consistently reject "legal conclusions", "unsupported conclusions", "unwarranted inferences", "unwarranted deductions", or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n) (8).

In determining a Motion to Dismiss under 12(b)(6), the Court is entitled to consider and take judicial notice of matters of public record even though such documents are outside of the Complaint.  Anspach ex rel. Anspach v. City of Phila., 503 F.3d 256, 273 n. 11 (3d Cir.2007). Matters of public record that the court may take judicial notice of are those facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b) (2); see Oran v. Stafford, 226 F.3d 275, 289 (3d Cir.2000). Courts may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). [1] The court may take judicial notice of prior judicial proceedings and other public filings.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2

---

[1] In plaintiff's original Complaint he attached the dockets but has not done so in the Amended Complaint although he persists in stating that the charges were all dropped.

(3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d*, § 1357; Chester County Intermediate Unit v. 5 Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). See also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (citations omitted); City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir.1998).  Kennedy v. Borough of South Coatesville, No. 98-CV-6558, 1999 WL 455702, at *1 (E.D.Pa.  June 25, 1999).  See also Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003)  ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'")  (citations omitted).

## IV.   ARGUMENT

### A.   ALL FEDERAL CLAIMS FOR EXCESSIVE FORCE, FALSE ARREST, FALSE IMPRISONMENT, WRONGFUL DETENTION AND MALICIOUS PROSECUTION AND FAILURE TO PROVIDE MEDICAL CARE AND TREATMENT BROUGHT AGAINST THE MUNICIPALITY OF NORRISTOWN IN COUNTS I THROUGH VI MUST BE DISMISSED AS WELL AS STATE LAW CLAIMS FOR ASSAULT AND BATTERY

The plaintiff's claims against the Municipality for excessive force, false arrest, false imprisonment, wrongful detention and/or malicious prosecution are not cognizable. It is well settled that a claim brought under the rubric of Monell v. Dep't of Soc. Servs.  of City of New York, supra. may not simply rely on a theory of respondeat superior to impose liability on municipalities.  Similarly under Pennsylvania, a plaintiff may not bring intentional tort claims against a municipality as the local agency is immune under Pennsylvania's Political Subdivision Tort Claims Act ("Tort Claims Act" or "Act"), 42 Pa. C.S.A. §§ 8541-42 from such claims. See Agresta v. City of Philadelphia, 694 F. Supp. 117, 123 (E.D.Pa.1988) (dismissing plaintiff's battery and intentional infliction of emotional distress claims against the

defendant City of Philadelphia on the grounds that the City was immune from lawsuits grounded in intentional torts). Thus all claims in Counts I through VI against the municipality should be dismissed with prejudice.

> **B.    ALL CLAIMS AGAINST THE MUNICIPALITY OF NORRISTOWN IN COUNT VII ARE DISMISSED WITH PREJUDICE AND ALTERNATIVELY THE MOTION FOR A MORE DEFINITE PLEADING IS GRANTED.**

"[A] municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006).  There are three circumstances under which a municipality may be liable: "(1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (2) the individual himself has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability.  In this case, it appears that Plaintiff simply attempts to blame the Municipality for alleged actions of its Officers without more and just uses formulistic assertions of municipal liability to support the claims.  Count VII of the Complaint attempts to assert a Monell claim against the Municipality.  The only allegations concerning such claims are wholly conclusory and aver that the Borough encourages and fails to discipline Officers who use excessive force, imprison citizens, maliciously provide false and or misleading information or omit material information to local prosecutors, and/or deny reasonable medical care.

Here, the municipal liability claim asserted against the Borough lacks any factual predicate and is completely conclusive in nature. It is well settled that a claim brought under the rubric of Monell v. Dep't of Soc. Servs.  of City of New York, supra. may not simply rely on a theory of respondeat superior to impose liability on municipalities

In order to state a cause of action against the municipality under § 1983, a Plaintiff must show: (1) a deprivation of a federal right, City of Los Angeles v. Heller, 475 U.S. 796, 799

(1986); (2) a relevant policy or custom attributable to the municipality, Monell, 436 U.S. at 691; and (3) "a direct causal link" between the municipal action and the deprivation of the federal right, Bd. of Cnty. Comm'rs of Bryan Cnty., Okl., v. Brown, 520 U.S. 397, 404 (1997). Plaintiff must plead factual allegations, which raise a right to relief above the speculative level. Twombly, 127 at 1965.  Here, Plaintiff's factual allegations do not establish any facts or details regarding what comprises the governmental policy or custom at issue, let alone how it has caused the alleged constitutional violations. Plaintiff's allegations are limited to general accusations of excessive force, false arrest and malicious prosecution and failure to provide medical care -   all allegedly taken pursuant to an official municipal policy or custom.  This Court need not, and should not,  credit these bald assertions and legal conclusions.  Kost, 1 F.3d at 183.  In the instant case, Plaintiff's allegations fail to articulate sufficient facts to comply with the mandates of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and its progeny.

      **(a)**.     **Policies, customs and practices**

      Plaintiff alleges that the Borough has unconstitutional and discriminatory policies and practices regarding arrests, excessive force and/or rendering medical care and is liable for civil rights violations because of their polices or  failure to properly train and supervise their police officers.  Generally, the Borough may not be held liable under § 1983 for the acts of its police officers since "[t]here is no respondeat superior theory of municipal liability." Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell, 436 U.S. at 691).  The Borough may only be liable if Plaintiff can show, pursuant to Monell, that the constitutional violations occurred as a result of a government-implemented policy, regulation, or an officially adopted custom. Monell, 436 U.S. at 690-91; *see also* Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3dCir. 2001).

      Claims under § 1983 are only viable "when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body

or informally adopted by custom." <u>McTernan v. City of York,</u> 564 F.3d 636, 657 (3d Cir. 2009) (quoting <u>Beck v. City of Pittsburgh,</u> 89 F.3d 966, 971 (3d Cir. 1996)). As the Third Circuit has explained, "[p]olicy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict," while "[a] course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well settled as to virtually constitute law." *Id.* at 658 (citation and internal quotation marks omitted). To allege a plausible § 1983 claim against a municipality, a plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was." *Id.* 5   Legal conclusions do not suffice to state a cause of action and that is all that is present in this case.

As to the medical care issue, deliberate indifference is demonstrated by a showing of a "pattern of similar constitutional violations by untrained employees." <u>Connick</u>, 131 S. Ct. at 1360.  The Supreme Court further explained that "in a narrow range of circumstances," a plaintiff may prevail with proof of only a single incident; however, the "unconstitutional consequences of failing to train [must] be so patently obvious that a city could be liable under § 1983 without proof of a preexisting pattern of violations."  *Id.* at 1361.  Here, Plaintiff has provided no basis for the conclusory allegation that the Borough failed to was deliberately indifferent to serious medical needs and ignored requests for treatment.   The only facts asserted by the plaintiff in support of a municipal liability claim are that the plaintiff allegedly asked two Officers for medical treatment on the street or in custody which was denied or not responded to. This scenario is insufficient to state a cause of action for municipal liability and the claims should be dismissed.

Alternatively given the complete lack of a factual basis for such claim the Municipality would be entitled to a more definite pleading setting forth the basis for asserting the multiple

claims of deliberate indifference allegedly due to policies and procedures in the multiple areas

asserted by plaintiff as being the basis for the claims. Federal Rule of Civil Procedure 12(e)

permits a party to "move for a more definite statement of a pleading to which a responsive

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare

a response." Fed. R. Civ. P. 12(e). Rule 12(e) is part of the "district court's case-management

arsenal," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 593 n.13 (2007).  Therefore, to the extent

that the Court permits the municipal liability claim on the multiple levels asserted to proceed, the

defendant municipality requests a more definite statement.

## C.     ALL CLAIMS AGAINST POLICE CHIEF MARK TALBOT SHOULD BE DISMISSED

There is no factual allegation that Chief Talbot  was in any way involved in the arrest

itself, made any decision concerning prosecution or had any awareness of any medical needs of

plaintiff, yet he is sued in his individual as well as official capacity for federal and state claims.

None of the requirements to set forth a cause of action for supervisory liability have been met

either. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), citing Parratt v. Taylor, 452

U.S. 527, 537 (1981).  All claims against him in his individual and official capacity should be

dismissed.

The United States Supreme Court has held that liability under 42 U.S.C. § 1983 is

individual and requires evidence of personal involvement in a constitutional violation.  Rizzo v.

Goode, 423 U.S. 363 (1976).  Liability must be based upon personal involvement on the part of a

Defendant, and respondeat superior is insufficient to show personal involvement. Robinson v.

City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir.1997) (citing Rode v. Dellarciprete, 845 F.2d

1195, 1207 (3d Cir.1988)) as cited in Brown v. Brown, 2008 WL 650021, 4 (E.D.Pa., 2008.)

Clearly to sustain a cause of action, a government official is liable only for his or her own

9

conduct and must have had personal involvement in the alleged unconstitutional activity.  See Arguesta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 71 (3d Cir. 2011.)  As described by the Third Circuit, municipalities may be vicariously liable under Section 1983 for the torts of their employees in one of three ways: (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity; (2) the individual himself has final policy-making authority such that his conduct represents official policy; or (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred.  See Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006)  In Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), our Court of Appeals explained that "as a matter of Pennsylvania state law, a township Police Chief is not a final policymaker."  Id. at 135 n.11 (citing 53 Pa. Cons. Stat. Ann. § 66902 (the township board of supervisors shall "organiz[e] and supervis[e]" township police officers)).  Similarly, the power over police officers under the Pennsylvania Borough Code is reserved to Council.  53 P.S. 46121; Borough Code, Section 1121. See  Kocher v. Larksville Borough, 926 F.Supp.2d 579 (M.D. Pa. 2013), in which the Court found that under the relevant portions of the Pennsylvania Borough Code, a Borough Police Chief is not a final policymaker either. See 53 Pa. Stat. Ann. § 46123.1.

**(a)   No constitutional duty to train, supervise or discipline**

Further, it is settled law that supervising public officials, such as a police chief, have no affirmative constitutional duty to discipline in order to prevent constitutional rights violations by subordinates, and it is only when a supervising official knowingly permits a continuing custom or policy that results in harm that a cause of action can be stated.  Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989) (Colburn I).

Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir.1990), cert. denied, 501 U.S. 1218 (1991). In this case, Plaintiff clearly has not alleged any factual basis for "personal direction" or "actual knowledge and acquiescence" on the part of the police chief in the alleged unconstitutional act or conduct.  Baker v. Monroe Twp., 50 F.3d 1186, 1194 (3d Cir. 1995).

Supervisory liability cannot be based solely upon the doctrine of *respondeat superior,* but there must be some affirmative conduct by the supervisor that played a role in the discrimination. The necessary involvement can be shown in two ways, either through allegations of personal direction or of actual knowledge and acquiescence, or through proof of direct discrimination by the supervisor. The existence of an order or acquiescence leading to discrimination must be pled and proven with appropriate specificity. Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990).  Other than simply to name Chief Talbot in his individual and official capacity, there is not one allegation of involvement on his part in any capacity and the claims against him in his individual and official capacity must be dismissed.

### D.  ALL OFFICIAL CAPACITY CLAIMS SHOULD BE DISMISSED AS TO CHIEF TALBOT AND OFFICER TODD

Moving individual Defendants Talbot and  Todd seeks dismissal of Plaintiff's §1983 official capacity claims against them on the basis that suits against state officers in their official capacity are merely another way of pleading an action against the entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . . It is *not* a suit against the official personally, for the real party in interest is the entity." (internal citations omitted)); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 n.55 (1978) ("[O]fficial-capacity suits generally

represent only another way of pleading an action against an entity of which an officer is an

agent.").  Therefore, this claim against Officer Todd should be dismissed.

### E.  ALL MALICIOUS PROSECUTION  CLAIMS  SHOULD BE DISMISSED

Claims in Count IV for  malicious prosecution against both Officer Todd and  as against

the Municipality for the reasons previously stated should be dismissed.. First, it is clear from the

criminal docket of the case attached hereto as Exhibit B that Plaintiff was never imprisoned but

simply held until arraignment and did not have to post bail.  Clearly, claims for malicious

prosecution are not cognizable under the facts of this case.

The Court of Appeals has clarified the analysis of a malicious prosecution claim.  See

Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir.2014).  The Court states that to prevail on a Fourth

Amendment malicious prosecution claim under section 1983, Plaintiff must establish that:

> (1) the Defendant initiated a criminal proceeding;
> (2) the criminal proceeding ended in [the Plaintiff's] favor;
> (3) the Defendant caused; initiated the proceeding without probable
> (4) the Defendant acted maliciously or for a purpose other than bringing the Plaintiff to
> justice; and
> (5) the Plaintiff suffered deprivation of liberty consistent with the concept of seizure as a
> consequence of a legal proceeding.
>
> Johnson v. Knorr, 477 F.3d 75,] 82 [ (3d Cir.2007) ]; see also Rose v. Bartle, 871 F.2d
> 331, 349 (3d Cir.1989).

According to the case criminal docket, the Plaintiff was released at arraignment on ROR

on September 5, 2015 without having to post bail at his arraignment.   Thereafter he was held for

Court on all charges at the Preliminary Hearing and the docket indicates the prosecution was

handled by the Montgomery County District Attorney's office.  ( Exhibit "B", page 3). Trial

Courts may consider this docket on a motion to dismiss pursuant to Rule 12(b)(6). See Geraghty

v. Ins. Servs. Office, Inc., 369 F. App'x. 402, 407 (3d Cir. 2010). See also Miller v. Cadmus

Commc'ns, Civ. A. No. 09-2869, 2010 WL 762312, at *2 (E.D. Pa. Mar. 1, 2010) (citing

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)) (noting that Courts can consider court files in deciding a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)).

There are no averments in the Amended Complaint that the prosecution received any item of evidence whatsoever from the arresting Officer other than perhaps the police report of the arrest and Affidavit of Probable Cause. Moreover, there is nothing in the Complaint to suggest that any item of evidence involved in the case was fabricated, but rather it is apparently asserted that the arresting Officer's version of the events leading him to arrest Plaintiff was false and that plaintiff's version is the correct one. Given these circumstances, Plaintiff has failed to set forth a case of malicious prosecution.

"To prevail in a Section 1983 malicious prosecution action, a Plaintiff must show [that] (1) the Defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the Plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the Defendants acted maliciously or for a purpose other than bringing the Plaintiff to justice; **and** (5) the Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). Plaintiff has failed to demonstrate the existence of the first element. see Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009).

    a.    **Initiation of a Criminal Proceeding**

There is no dispute that a criminal proceeding was initiated against Plaintiff. However, Officer Todd was not the one who initiated it beyond making the arrest in this case as demonstrated by the docket. Whereas here, and "In most cases, 'a prosecutor rather than a police officer initiates a criminal prosecution.'" Zeglen v. Miller, No. 04-1940, 2008 WL 696940, at *8 (M.D. Pa. Mar. 12, 2008) (quoting Houston v. City of Phila., No. 05-cv-372, 2007

U.S. Dist. LEXIS 40026, at *20 (E.D. Pa. May 31, 2001)); see also Albright v. Oliver, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring) ("The principal player in carrying out a prosecution . . . is not police officer but prosecutor."); Harris v. City of Phila., No. 97-3666, 1998 WL 481061, at *5 (E.D. Pa. Aug. 14, 1998) ("In most circumstances, a Plaintiff can not proceed against a police officer for a claim of malicious prosecution because a prosecutor, not a police officer, 'initiates' criminal proceedings against an individual."); Merrero v. Micewski, No. 96-8534, 1998 WL 414724, at *15 (E.D. Pa. July 22, 1998).

A Plaintiff can proceed against a police officer for malicious prosecution only if the officer "fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute." Zeglen, 2008 WL 696940, at *8 (quoting Telepo v. Palmer Twp., 40 F. Supp. 2d 596, 610 (E.D. Pa. 1999)).  Here, there is no factual basis set out in the Complaint that Officer Todd "'fail[ed] to disclose exculpatory evidence to prosecutors or what that could conceivably be or, ma[de] false or misleading reports to the prosecutor, omit[ted] material information from the reports, or otherwise interfere[d] with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute.'" Id. at *8 (quoting Telepo, 40 F. Supp. 2d at 610).

**b.     Restriction upon liberty**

It is also required to state a claim that there actually be custodial restrictions on a plaintiff.  "Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure." Davis v. Malitzki, 451 Fed. Appx. 228, 231 (3d Cir. 2011). Here,  Plaintiff's Complaint does not allege that he was subject to any pretrial custody or that he had to post bail and in fact he admits that he was released ROR without having to post any bail.  According to the Third Circuit, pretrial custody and some "onerous types of pretrial,

non-custodial restrictions" constitute a Fourth Amendment seizure for purposes of stating a claim and mere attendance at trial, "does not itself qualify as a Fourth Amendment seizure."   Johnson v. Knorr, supra.

### F.   CLAIMS OF FAILURE TO PROVIDE MEDICAL CARE SHOULD BE DISMISSED

Plaintiff claims in Count V for  a failure to provide medical care and treatment against Officer Todd  must be dismissed as brought under the 4th Amendment as such claims brought by a pre-trial detainee would be brought properly and only under the 14th Amendment.

### G.   CLAIMS AGAINST OFFICER TODD AND CHIEF TALBOT FOR FALSE IMPRISONMENT AND WRONGFUL DETENTION BROUGHT UNDER THE 14TH AMENDMENT SHOULD BE DISMISSED WITH PREJUDICE

There are no cognizable claims for false imprisonment and wrongful detention under the 14th Amendment and such claims should be restricted to the 4th Amendment as a matter of law as to both Officer Todd and the Chief to the extent any claims against Chief Talbot survive this Motion.. The Third Circuit has held that that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (citing United States v. Lanier, 520 U.S. 259, 117 S. Ct. 1219, 137 L. Ed. 2d 432, 272 n. 7, 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Here, the Plaintiff's allegation arise from his allegedly improper arrest. This claim of improper arrest and the related claims of false imprisonment and malicious prosecution are properly analyzed under the Fourth Amendment.   "[A]s the gravamen of his lawsuit is so clearly premised on a First and/or Fourth Amendment violation based upon his alleged malicious prosecution and arrest without probable cause, the Court will dismiss the

procedural due process claim along with the substantive due process claim." <u>Merkle v. Upper Dublin School Dist.</u>, 211 F.3d 782, 792-93 (3d Cir. 2000)).  Therefore, the 14th Amendment claim must be dismissed.

### H.  CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED

Although there is no separate Count requesting such, plaintiff's Amended Complaint in in its prayer for relief in Section 5, page 10 requests injunctive relief.  A party seeking injunctive relief must have standing to do so and meet the requirements of a 'case' or 'controversy'<u>." St. Thomas–St. John Hotel & Tourism Ass'n, Inc. v. Gov. of V.I.</u>, 218 F.3d 232, 241 (3d Cir. 2000).  Plaintiff has not sufficiently alleged that he has standing because he has not sufficiently alleged a "likelihood that he will again be wronged in a similar way." <u>City of L.A. v. Lyons</u>, 461 U.S. 95, 111 (1983). Such relief is not proper solely to adjudicate past conduct, nor to simply proclaim that one party is liable to another. <u>Hodinka v. Dela. Cnty.</u>, No. 08-5663, 2011 WL 49570, at *5 (E.D. Pa. Jan. 7, 2011), citing <u>Corliss v. O'Brien</u>, 200 F. App'x 80, 84 (3d Cir. 2006).  Similarly, "[e]ven if the plaintiff has suffered a previous injury due to the defendant's conduct, the equitable remedy of an injunction is 'unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again[.]'" ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 301 (3d Cir. 2012) (citation omitted).  Therefore, such claims should be dismissed.

### I.  PUNITIVE DAMAGES

Punitive damages are not available against municipal entities nor against defendants in their official capacities as a matter of law.  <u>City of Newport v. Fact Concerts, Inc</u>., 453 U.S. 247, 271, 101 S.Ct. 2748, 2761, 69 L.Ed.2d 616, 634 (1981).  Therefore, these claims must be dismissed.

## V.   <u>CONCLUSION</u>

For the reasons which are set forth herein and more fully above, Moving Defendants, Municipality of Norristown, Chief Mark Talbot and Officer Edward Todd, request that the Court grant the Motion to Dismiss the Amended Complaint and enter the Proposed Order.  Alternately, the Court is requested to grant such relief as the Court deems appropriate.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

BY:   SMM2371
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney ID No.  29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for moving Defendants**
**Municipality of Norristown, Chief Mark Talbot**
**and Officer Edward Todd**

17

<u>**CERTIFICATE OF SERVICE**</u>

I, Suzanne McDonough, Esquire, counsel for Defendants hereby states that a true and correct copy of the within **Motion to Dismiss the Amended Complaint and Memorandum of Law in Support of same** was served upon the following individual <u>**via electronically**</u> this 1st day of June, 2017.

**GARY SCHAFKOPF, ESQ.**
HOPKINS SCHAFKOPF, LLC
11 BALA AVE.
BALA CYNWYD, PA 19004
    and
**MATTHEW B. WEISBERG, ESQ.**
WEISBERG LAW PC
7 SOUTH MORTON AVE
MORTON, PA 19070
**Attorneys for Plaintiff**

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

**SMM2371**

_____

**Suzanne McDonough, ESQUIRE**
**Attorney ID No. 29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for above-named Defendants Municipality of Norristown, Chief Mark Talbot and Officer Edward Todd**