**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER M. THOMAS** | : | |
| | : | **No. 17-cv-01568** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **POLICE OFFICER EDWARD TODD** | : | |
| **Defendant** | : | |

_____

**O R D E R**

AND NOW, this _____day of_____, 2018, upon consideration of Defendant Officer Edward Todd's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial, it is hereby ORDERED AND DECREED that Defendant's Motion is GRANTED as follows:

Judgment is entered as a matter of law of behalf of defendant Edward Todd on the basis that there is insufficient proof of a constitutional violation committed by Officer Edward Todd to sustain the jury verdict against him for malicious prosecution, and Officer Edward Todd is further entitled to qualified immunity from the claim of malicious prosecution as a matter of law and under the facts of this case as submitted to the jury.

In the alternative, a new trial is awarded to Defendant Officer Edward Todd.

**BY THE COURT:**


_____
**LYNNE A. SITARSKI**
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER M. THOMAS** | : | |
| | : | **No. 17-cv-01568** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **POLICE OFFICER  EDWARD TODD** | : | |
| **Defendant** | : | |

_____

**DEFENDANT OFFICER EDWARD TODD'S
MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE
ALTERNATIVE, FOR A NEW TRIAL**

Defendant, Police Officer Edward Todd, through counsel Holsten and Associates and Suzanne McDonough, moves the Court to enter judgment as a matter of law pursuant to Fed. R.Civ.P. 50, or alternatively for a new trial under Fed. R.Civ. P. 59, in favor of Police Officer Edward Todd notwithstanding the jury verdict against him for malicious prosecution and in support of this request asserts the following:

1. There was insufficient evidence upon which the jury could find that Officer Edward Todd arrested plaintiff without probable cause for any of the charges against him of public intoxication, obstruction of the highway or disorderly conduct.  There is also no evidence upon which the jury could find that Officer Todd acted with malice or for a purpose other than a proper law enforcement purpose in the arrest or prosecution of the plaintiff.

2. Officer Todd was, and is, entitled to a finding of qualified immunity, and the Court's denial or deferral of that decision until after the jury verdict renders the matter ripe for decision on a Rule 50 Motion.

3. Defendant Todd has ordered the trial transcripts and asks for leave to supplement the instant Motion and Memorandum upon a careful review of the issues and the evidence presented at trial.

For the above reasons and as set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, Officer Edward Todd respectfully requests that this court enter an Order granting its Motion for Judgment as a Matter of Law or, in the alternative, for a new trial.

Respectfully submitted,

***HOLSTEN & ASSOCIATES***

**Date:   12-10-18**            **BY:**   **_/s/   Suzanne McDonough_**
**Suzanne McDonough, ESQUIRE**
Attorney I.D. No.: 29394
Holsten & Associates
One Olive Street
Media, PA 19063
(610) 627-8307
Attorney for Police Officer Edward Todd

2

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER M. THOMAS          :
                               :          No. 17-cv-01568
           Plaintiff           :
                               :
           v.                  :
                               :
POLICE OFFICER  EDWARD TODD    :
           Defendant           :
_____

## DEFENDANT'S BRIEF IN SUPPORT OF JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE FOR A NEW TRIAL

Defendant, Police Officer Edward Todd ,files this Memorandum pursuant to Federal Rule of Civil Procedure 50, or in the alternative, pursuant to Federal Rule of Civil Procedure 59 and contend that the Court should grant judgment as a matter of law or, in the alternative, a new trial.

**I.      BACKGROUND:**

This civil rights lawsuit against Officer Edward Todd under 42 U.S.C. §1983 was based upon an arrest of Plaintiff by Officer Todd on September 4, 2015 for disorderly conduct, obstruction of the highway, public drunkenness and resisting arrest.  By the time of trial, all claims in this lawsuit against Officer Todd were withdrawn other than a federal claim for malicious prosecution.  All other claims against Officer Todd were dismissed prior to trial.

At trial, Plaintiff argued only that the Officer lacked probable cause for the public intoxication charge on a theory that if the Officer is unable to prove what controlled substance the Plaintiff is on then the prosecution lacks probable cause and is malicious. Notably the Plaintiff elected not to proceed to trial on the false arrest charge and argued

that the prosecution at trial was malicious even though it was a Commonwealth prosecution by an Assistant District Attorney.

Officer Edward Todd arrested Thomas on September 4, 2015 after a foot pursuit. What led to the arrest was a 911 call made by Plaintiff Thomas who told police that he was being followed by a girlfriend and her friends and needed assistance. Todd was dispatched to a CVS in downtown Norristown but on arrival was not able to locate the male. However, he saw one matching the description given by dispatch and on approach Thomas told him that he called because he wanted a police escort to the transportation center. As Thomas spoke to Todd, he kept playing with his cell phone. Thomas was sweating, had bloodshot eyes and Todd believed him to be under the influence of an unknown substance. Todd asked Thomas for ID and was running it through when Thomas fled from the CVS leaving his ID behind. Thomas ran into a sliding glass door and a patron on his way out and Officer Todd saw him fall into W. Main Street with traffic approaching. Thomas continued to run through traffic, and Thomas approached a vehicle and tried to open the passenger door and get in, but that vehicle managed to leave the scene. Thomas then tried to enter another vehicle, a Mercedes station wagon, and at one point was laying on the hood of the vehicle. Officer Todd drew his taser and continued to order Thomas to the ground telling him if he did not comply, he would be tased. Thomas continued to run into oncoming traffic, so he was tased once by Officer Todd and taken into custody. At the scene, Thomas was drenched with sweat and Corporal Deardoff, the highest ranking Officer on the scene, believed Plaintiff to be on PCP, crack or potentially K2, a synthetic marijuana any of which would explain his behavior and appearance.

2

After Thomas was taken into the police station, paramedics from Plymouth Ambulance, who had been at the intersection and observed the scene where the arrest took place were asked to and did come to the police station to observe him.  The Medics wanted to determine if an overdose was involved and put Thomas on a cardiac monitor. Plaintiff admitted to the medic that he had smoked marijuana.  While the EMS responders were tending to Thomas, however, he became angry, refused any treatment and refused to sign the refusal paperwork for the ambulance crew.  On the suicide prevention sheet, it is noted that Plaintiff was believed to be on PCP.

Plaintiff denied that the paramedics offered to take him to the hospital and that the testimony of the paramedic to the contrary was not true.  He denied being on any drug but did not attempt to explain his behavior leading up to his arrest.

## II.    LEGAL STANDARD

The standard to be applied on a Rule 50 motion is whether there was legally sufficient evidence upon which the jury could base its verdict.  <u>Weisgram v. Marley Co.</u>, 528 U.S. 440 (2000). Judgment may be directed when the facts are sufficiently clear that the law requires a particular result.  Id. At 448.  While the court maynot substitute its view for that of the jury, the verdict can only stand if the evidence in support of it is "significantly probative:" and more than merely colorable."  <u>Lightning Lube v. Witco. Corp.</u> 4 F.3d 1153, 1184 (3d Cir. 1993).  Where as here, the Court did not grant the requested judgment as a matter of law before the case was submitted to the jury, the court is considered to have submitted it to the jury subject to the court's later deciding the legal questions.  Fed. R.Civ. P. 50(b).

### III.    NO CONSTITUTIONAL VIOLATION:  The arrest was with probable cause.

There was no constitutional violation in this case as the evidence at trial demonstrates that Officer Todd had probable cause for the arrest on one or more of the charges.   At trial, plaintiff's theory of liability against Officer Todd was that Officer Todd lacked probable cause to arrest and/or prosecute the Plaintiff for public intoxication without being able to prove what controlled substance Plaintiff was intoxicated on at the time, and that the prosecution of the Plaintiff through the criminal trial without such proof evidenced malicious prosecution.  Plaintiff did not argue to the jury that Officer Todd lacked probable cause for any of the other charges for which he was arrested, and under the law Officer Todd only had to have probable cause for one of the charges to defeat a malicious prosecution claim. Wright v. City of Philadelphia, 409 F.3d 595, 604 (3d Cir. 2005). So that even if probable cause was lacking as to another of the charges, the malicious prosecution claim could not survive.  Startzell v. City of Philadelphia, 533 F.3d 183 (3d Cir. 2008).  Here, Officer Todd had probable cause for arresting Plaintiff on all of the relevant charges as evidenced by the testimony at trial.  The relevant charges were:

### 18 P.S.  5503.  Disorderly conduct.

   **(a)  Offense defined.--**A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
      (1)  engages in fighting or threatening, or in violent or tumultuous behavior;
      (2)  makes unreasonable noise;
      (3)  uses obscene language, or makes an obscene gesture; or
      (4)  creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.
   **(b)  Grading.--**An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious

4

inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.

   **(c)  Definition.--**As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

### 18  P.S.  5507.  Obstructing highways and other public passages.

   **(a)  Obstructing.--**A person, who, having no legal privilege to do so, intentionally or recklessly obstructs any highway, railroad track or public utility right-of-way, sidewalk, navigable waters, other public passage, whether alone or with others, commits a summary offense, or, in case he persists after warning by a law officer, a misdemeanor of the third degree. No person shall be deemed guilty of an offense under this subsection solely because of a gathering of persons to hear him speak or otherwise communicate, or solely because of being a member of such a gathering.

   **(b)  Refusal to move on.--**
      (1)  A person in a gathering commits a summary offense if he refuses to obey a reasonable official request or order to move:
         (i)  to prevent obstruction of a highway or other public passage; or
         (ii)  to maintain public safety by dispersing those gathered in dangerous proximity to a fire or other hazard.
         (2)  An order to move, addressed to a person whose speech or other lawful behavior attracts an obstructing audience, shall not be deemed reasonable if the obstruction can be readily remedied by police control of the size or location of the gathering.

   **(c)  Definition.--**As used in this section the word "obstructs" means renders impassable without unreasonable inconvenience or hazard.

### 18  P.S.  5505.  Public drunkenness and similar misconduct.

   A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance, as defined in the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act, except those taken pursuant to the lawful order of a practitioner, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity. A person convicted of violating this section may be sentenced to pay a fine of not more than $500 for the first violation and not more than $1,000 for the second and each subsequent violation.

   Prior to the commencement of trial, Officer Todd requested that the Court grant a

renewed Summary Judgment Motion previously denied by Judge Quinones given that

Plaintiff was unable at the time of trial  to produce evidence that Officer Todd had in any way influenced the prosecutor in the case to move to trial by withholding evidence or providing false or misleading evidence that would interfere with the prosecutors ability to make a determination as to whether the case should proceed to trial.  This Court denied this Motion.  Thereafter, during and throughout trial, defendant Officer Todd requested judgment as a matter of law as there was no evidence upon which a jury could find that Officer Todd lacked probable cause for arresting the Plaintiff for any of the offenses charged, much less the public intoxication charge.  Prior to, and throughout trial, defendant Officer Todd also requested that the Court grant him qualified immunity from the claims given the facts of the case as presented to the jury and ultimately requested that the jury be instructed on qualified immunity as the Court declined to rule on the Motion in favor of Officer Todd.  However, the Court declined to submit the issue of qualified immunity to the jury.

At the trial of this case, not only did Officer Todd testify that the Plaintiff was publicly intoxicated and high on an unknown substance such as PCP or K2 on a busy public street and described the symptoms exhibited by plaintiff leading him to that conclusion.  Two other Police Officers responding to the scene where Plaintiff was in the middle of the street, independently came to the same conclusion that the Plaintiff was high on an illegal substance believed to be PCP or K2.  One of the responding Officers at the scene was Todd's supervising Officer who authorized the charges to be brought against Plaintiff under 18 Pa. Con. Stat. § 5505.  The paramedic who testified at trial who came to the police station immediately after the arrest found the Plaintiff to be intoxicated and wanted to take the Plaintiff to the hospital to rule out an overdose as

Plaintiff had only admitted to smoking marijuana.  Expert testimony of toxicologist, Paul Kolecki, M.D. was also produced with a medical opinion that based upon his review of dash cam video at the scene of the arrest along with cell surveillance and information from the police and emergency medical personnel that it was his opinion that the Plaintiff was intoxicated on marijuana and likely PCP or K2 at the time of his arrest.

In the present case, there was no evidence produced that Officer Todd lacked probable cause to arrest Plaintiff, and there was no evidence that Officer Todd arrested Plaintiff for other than a proper law enforcement reason.  Indeed the only argument made by Plaintiff at trial was that once Officer Todd knew that he could not identify the controlled substance or determine that the Plaintiff was on a controlled substance at the time that probable cause was defeated.  However, this is not the law of probable cause.

### IV.    QUALIFIED IMMUNITY

This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 to determine qualified immunity on a motion under Rule 50 for judgment as a matter of law that is based upon qualified immunity.  It is appropriate to raise qualified immunity following a Rule 50 motion.  Curley v. Klem, 499 F.3d 199 (3d Cir. 2007); Carswell v. Borough of Homestead, 381 F.3d 235, 241 (3d Cir. 2004).  The qualified immunity analysis requires the court to look beyond the jury's probable cause finding; the standards set forth in Anderson v. Creighton, 483 U.S. 635, 640-641 (1987), still apply.

The fact that Officer Todd was unable to prove what controlled substance Plaintiff was on at the time of his arrest or thereafter does not defeat probable cause for his arrest as, if this were the case, then police would never be able to arrest anyone for driving under the influence of a controlled substance or public intoxication without a blood test,

and that is certainly not the law.  Furthermore, there was ample evidence that the Officer had probable cause for the arrest for disorderly conduct as well as obstruction of the highway, charges that Plaintiff did not argue at trial were lacking in probable cause for the arrest at the time of trial.

Even if this District Court believes that the jury had sufficient evidence to determine that probable cause was lacking for the arrest, this Court must still proceed to consider whether Officer Todd is entitled to qualified immunity.

Under the Supreme Court guidance, the qualified immunity analysis involves two inquiries.  The first is "whether the facts that a Plaintiff has alleged or shown make out a violation of a constitutional right." Pearson v. Callahan, 129 S.Ct. 808, 816 10 (2009) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)) (citation omitted).  And the second is "whether the right at issue was 'clearly established' at the time of a defendant's alleged misconduct." Id.  In Reichle v. Howards, _____U.S.___, 132 S.Ct. 2088, 2093 (2012), the Supreme Court has often reiterated that standard that "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right."

The constitutional question involves a determination as to whether there was a reasonable mistake of fact while the qualified immunity question involves whether there was a reasonable mistake of law. Curley v. Klem, 499 F.3d 199, 214 (3d Cir. 2007); see also Saucier, 533 U.S. at 204-06 (distinguishing between inquiry of Fourth Amendment violations and inquiry of qualified immunity entitlement). If Officers of reasonable competence could disagree regarding the legality of the conduct, then the objective test is met and immunity should be recognized. Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct.

8

1092 (1986).  Therefore, in order to deny Officer Todd qualified immunity if he was mistaken in his legal analysis of probable cause, the Court must find that "it would have been clear to a reasonable officer" that his conduct was unlawful – here, that "there was no probable cause to arrest." Gilles v. Davis, 427 F. 3d 197, 203(3d Cir. 2005). In the light of pre-existing law, the "contours" of plaintiff's rights would have to be found to be sufficiently clear such that the unlawfulness of the officer's conduct, in the specific circumstances that he confronted, would have been apparent to a reasonable person. Paff v. Kaltenbach, 204 F.3d 425, 436 (3d Cir. 2000). "A police officer may be liable … for an arrest if 'no reasonable competent officer' would conclude that probable cause exists." Wilson v. Russo, 212 F.3d 781, 789-90 (3d Cir. 2000). That is certainly not the case here where Officer Todd's superior Officer was also at the scene and approved the charges.

## V.      REQUEST FOR LEAVE TO SUPPLEMENT MOTOION AND MEMORANDUM

Moving defendant requests that this Court also grant permission to supplement the Motion and Memorandum of Law within 30 days after receipt of the transcript of the trial of this case which has been ordered.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

**SMM2371**

**BY:**      _____

**SUZANNE MCDONOUGH, ESQUIRE**
Holsten & Associates
One Olive Street
Media, PA 19063
(610) 627-8307
Attorney for Officer Edward Todd

9

<u>**CERTIFICATE OF SERVICE**</u>

I, Suzanne McDonough, Esquire, attorney for Defendant Police Officer Edward Todd hereby certifies that a true and correct copy of the within, **Motion For Judgment As a Matter of Law or, in the Alternative for a New Trial** was electronically filed on the 10th day of December, 2018, and copies of same were served upon the following by electronic means the same date:

> David Berlin, Esq.
> Matthew Weisberg, Esq.
> Weisberg Law PC
> 7 South Morton Avenue
> Morton, PA  19070
>
> **Attorneys for Plaintiff**

**HOLSTEN & ASSOCIATES**

/s/ *Suzanne McDonough*

**Dated: <u>12-10-18</u>**

**Suzanne McDonough, Esquire**
Attorney I.D. No.: 29394
Holsten & Associates
One Olive Street
Media, PA 19063
(610) 627-8307
Attorney for Police Officer Todd